UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW LOUIS MERCADO,

          Plaintiff,

-against-

ORANGE COUNTY LEGAL AID SOCIETY;
MR. DAVID LINDINE,

          Defendants.

19-CV-11904 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently detained in the Orange County Jail, brings this *pro se* action under 42 U.S.C.§ 1983, alleging that Defendants violated his constitutional rights. By order dated January 21, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff Matthew Louis Mercado bring this civil rights action alleging that his former attorney, David Lindine of the Orange County Legal Aid Society, did not adequately represent him in the pending criminal proceedings resulting from Plaintiff's November 6, 2019 arrest.[2]

---

[2] A review of the records of this Court reveals that on December 26, 2019, Plaintiff filed two civil rights actions — one against the New Windsor Police Department, alleging that he was

Plaintiff alleges the following facts. Plaintiff has prepared motions in his criminal case which Defendant Lindine failed to submit in the state criminal proceedings. Defendant Lindine is "stringing [him] along only to set [him] up & threaten [him] to cop out to 5 years with out [sic] seeing any of the paper[s]." (ECF No. 1 at 4.)[3] Defendant Lindine "waved [sic] [Plaintiff's] right to be at the indictment hearing on the morning of Nov 8th with out [sic] even asking [him] if [he] wanted to be there." (*Id.*) Plaintiff was indicted on November 8, 2019, and he "never received [his] copy of the indictment so [he] can properly review the case & evidence [him]self for peace of mind." (*Id.*) On December 4, 2019, Plaintiff went to court and gave Defendant Lindine another motion for a bail hearing, but Defendant Lindine failed to submit Plaintiff's motion, and his bail was not reduced. From November 6, 2019, until December 17, 2019, when Plaintiff "fired" Defendant Lindine, Defendant Lindine violated Plaintiff's constitutional rights. Defendant Lindine "lied to [Plaintiff] over & over again only to shut [Plaintiff] up! [Defendant Lindine] threatened [Plaintiff] & tryed [sic] to forced [sic] [him] to take a plea without trying to hear [Plaintiff's] side." (*Id.* at 7.)

Plaintiff seeks unspecified monetary damages and injunctive and declaratory relief.

## DISCUSSION

**A.**     **Private Defendants**

Plaintiff's claims against the Orange County Legal Aid Society and David Lindine must be dismissed. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C.

---

wrongfully arrested, *see Mercado v. New Windsor NY P.D.*, ECF 1:19-CV-11843, 1, and one against the Orange County courts, the District Attorney's Office and Judge Freehill, *see Mercado v. Orange County Courts*, ECF 1:19-CV-11905, 1. These actions pertain to the same arrest.

[3] Page numbers refer to those generated by the Court's electronic filing system.

§ 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

As Defendants are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against these Defendants under § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.** *Younger* **Abstention Doctrine**

To the extent that Plaintiff, in seeking injunctive relief, asks the Court to intervene in his pending state-court criminal proceeding, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint*

*Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceeding. The Court will therefore not intervene in that proceeding and dismisses Plaintiff's claims for injunctive relief.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and as barred by the *Younger* abstention doctrine.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 10, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge